IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BEVERLY NOLLEY | § | |
|     DEBTOR(S) | § | CASE NO.  04-41359-H5-7 |
| | § | |
| KELLY ERIN NOLLEY | § | |
|     PLAINTIFF(S) | § | ADVERSARY NO.     04-3905 |
| | § | |
| VS. | § | |
| | § | |
| BEVERLY NOLLEY | § | |
|     DEFENDANT(S) | § | |

**MEMORANDUM OPINION REGARDING FIRST AMENDED
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Before the Court is the complaint of Kelly Erin Nolley under 11 U.S.C. § 523. This Court has jurisdiction over this adversary proceeding under the provisions of 28 U.S.C. §§ 157 and 1334. This is a core proceeding. Kelly Nolley seeks to except her debt from discharge under section 523(a)(4). Following a trial, the Court finds the debt is discharged.

Debtor is the widow of Richard Lee Nolley, and independent executor of his probate estate. Kelly Nolley is Richard Nolley's daughter by a prior marriage. Debtor filed her chapter 7 bankruptcy on August 9, 2004. On August 19, 2004, Kelly Nolley took judgment in the amount of $11,306.89 plus interest and attorney's fees, against

debtor in her capacity as independent executrix of the estate of Richard Lee Nolley. The judgment provides, " . . . this Claim shall be entered upon the Claim Docket, classified as a Class 8 Claim and handled as if originally allowed and approved in the due course of administration." Kelly Nolley has not been paid her claim against the probate estate. This Court's record does not include any evidence of the current status of the probate estate or evidence of whether any claims were paid by debtor in her capacity as independent executrix. The evidence reflects that debtor paid some claims prior to opening the independent administration, including paying the mortgage on the couple's homestead. Debtor also disposed of some property after the death of her husband, but there is no evidence in the record that the property disposed of was property of the probate estate or the dates of any disposition of property.

Kelly Nolley seeks to except her debt from discharge under 11 U.S.C. § 523(a)(4) as one for defalcation while acting in a fiduciary capacity. Initially, the Court would point out that Kelly Nolley is owed a debt by debtor only in debtor's representative capacity, she has no right to payment from debtor personally. Texas Probate Code § 147 provides:

> Any person having a debt or claim against the estate may enforce the payment of the same by suit against the independent executor; and, when judgment is recovered against the independent executor, the execution shall run against the estate of the decedent in the hands of the independent executor which is subject to such debt.


Tex. Probate Code § 147.

There are procedures under the Texas Probate Code for establishing the personal liability of an executor of an estate for unpaid debts of the estate, but Kelly Nolley has not obtained such relief. The evidence shows that Kelly Nolley sued debtor in both her representative capacity and in her individual capacity, but obtained judgment only in her representative capacity, as a claim against the probate estate and only after the filing of debtor's bankruptcy. To the extent that Kelly Nolley seeks, in the context of this adversary proceeding, to establish the personal liability of the debtor for her debt, she has failed to alleged or prove any basis for personal liability under the Texas Probate Code or otherwise.

Further, no fiduciary relationship exists under Texas law, in the Texas Probate Code or otherwise, between an independent executor and creditors of the probate estate. FCLT Loans, L.P. v. Estate of Bracher, 93 S.W.3d 469 (Tex.App.-Hous. (14 Dist.) 2002). Quoting from FCLT, the Fifth Circuit in Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 320 (5th Cir. 2002) stated, "A fiduciary duty is not lightly created. 'A party asserting breach of a fiduciary duty must establish the existence of a confidential or similar relationship giving rise to a fiduciary duty.' But see In re Tomlin, 266 B.R. 350 (N.D. Tex. 2001) (Texas

common law imposes fiduciary duty on independent executor to pay federal estate taxes.)

Kelly Nolley seeks to impose a constructive trust, equitable lien, or judicial lien against the homestead or other property which stood as collateral for debts which were paid with funds that may have been included in the probate estate. As Kelley Nolley has failed to establish any basis in law or fact for imposition of a trust or lien against debtor's property or the property of the probate estate, the Court declines to award such trust or lien to Kelly Nolley. The Court notes, for instance, that Texas Probate Code § 270 provides that the homestead shall not be liable for the payment of any debts of the estate except for those itemized within that section. Further, the Texas Probate Code provides for an the setting aside of exempt property for the widow or for an allowance in lieu thereof, which allowance is paid in preference to all other debts of the probate estate. Kelly Nolley has not established any error in debtor's conduct of the probate estate or otherwise which might give rise to the relief she has sought.

Based on the foregoing, the Court concludes that Kelly Nolley has failed to prove her claims for relief and any liability of debtor to her is **DISCHARGED**.

Signed this 24 day of May, 2005 at Houston, Texas.

KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE